**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000781
09-APR-2013
01:55 PM**

NO. CAAP-12-0000781

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JAMES H. HALL, Plaintiff-Appellant, v.
CAPITAL ONE, N.A., Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-0148)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Upon review of the record, it appears that we lack

jurisdiction over Plaintiff-Appellant James H. Hall's (Hall's)

appeal from the Honorable Rhonda A. Nishimura's August 10, 2012

Order Granting with Prejudice Defendant Capital One, N.A.'s

Motion to Dismiss [Hall's] Complaint Filed January 17, 2012,

Filed April 19, 2012" because the Circuit Court of the First

Circuit (circuit court) has not yet reduced the order to a

separate judgment that resolves all claims against all parties in

this case pursuant to Rule 58 of Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012) authorizes appeals to the Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The Supreme Court of Hawai'i has promulgated HRCP Rule 58, which specifically requires that "[e]very judgment shall be set forth on a *separate* document." HRCP Rule 58 (emphasis added). Based on this requirement under HRCP Rule 58, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008).

For example, in Jenkins, the Supreme Court of Hawai'i dismissed an appeal from orders granting defendants' motions to dismiss a complaint and an amended complaint, because the circuit court had not yet reduced the dismissal orders to a separate judgment. Jenkins, 76 Hawai'i at 117, 869 P.2d at 1336. In another case involving a dismissal, the Supreme Court of Hawai'i explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding

dismissal for want of prosecution)] does not mention the necessity of filing a *separate* document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a *separate* document.'" <u>Price v. Obayashi Hawaii Corp.</u>, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphases added).

Furthermore, even if the circuit court reduces the order to a separate judgment, "[a]n appeal from any judgment will be dismissed as premature if the judgment does not, *on its face*, either resolve all claims against all parties or contain the finding necessary for certification under HRCP 54(b)." <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis in original).

The August 10, 2012 order is not a judgment, and the circuit court has not yet reduced it to a separate judgment, as HRCP Rule 58 requires. Absent a separate judgment, Hall's appeal is premature and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that Appellate No. CAAP-12-0000781 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 9, 2013.

Chief Judge

Associate Judge

Associate Judge

-3-